UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VANOY ALLEN | CIVIL ACTION |
| VERSUS | |
| OUR LADY OF THE LAKE HOSPITAL, INC. | NO.: 19-00575-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Motion for Partial Dismissal (Doc. 5)** filed by Defendant Our Lady of the Lake Hospital, Inc. Plaintiff Vanoy Allen has filed an opposition (Doc. 6). For the reasons that follow, the **Motion (Doc. 5) is GRANTED.**

### I. BACKGROUND

Plaintiff was employed by Defendant as a nurse from May 2011 through October 2019. (Doc. 1 at 2, 10). In her Complaint, Plaintiff alleges race discrimination, racial harassment, and retaliation in violation of Title VII of the Civil Rights Act and the Louisiana Employment Discrimination Law, La. Stat. Ann. §23:301, *et seq.* ("the LEDL"), race discrimination in violation of 42 U.S.C. § 1981, intentional infliction of emotional distress ("IIED") under La Civ. Code art. 2315, and age discrimination in violation of the LEDL. (*Id.* at 11-12).

### II. LEGAL STANDARD

To overcome Defendant's motion to dismiss, Plaintiff must plead a plausible claim for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Defendant

is liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Plaintiff's amended complaint and views those facts in the light most favorable to her. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

## III. DISCUSSION

Defendant raises several arguments in support of its motion for partial dismissal. First, Defendant argues that Plaintiff's claims under the LEDL should be dismissed because the LEDL does not apply to employment of an individual by a nonprofit corporation. La. Stat. Ann. § 23:302. In the Complaint, Plaintiff describes Defendant as a nonprofit corporation. (Doc. 1 at 1). Accordingly, the Court concludes that Defendant is a nonprofit corporation and dismisses Plaintiff's LEDL claims.[1] *See Williams v. Franciscan Missionaries of Our Lady Health Sys., Inc.*, 2019 WL 1370871, at *3 (M.D. La. Mar. 26, 2019) ("Williams alleges in the amended complaint that [Our Lady of the Lake Hospital, Inc.] is a "Louisiana non-profit corporation" . . . The Court here, unable to simply disregard Williams' allegation that OLOL is a "non-profit organization," reaches the same conclusion. Accordingly, Williams' LEDL claims are dismissed without prejudice.").

---

[1] Plaintiff's age discrimination claim under the LEDL must also be dismissed because it is not pleaded with factual content that allows the Court to reasonably infer that Defendant is liable. Plaintiff's sole reference to age discrimination in the Complaint is an assertion that she seeks relief for age discrimination. (Doc. 1 at 12). She does not link the adverse employment actions she alleges to her age.

2

Second, Defendant argues that Plaintiff failed to exhaust her Title VII hostile work environment claim at the administrative level. An employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the Equal Employment Opportunity Commission (EEOC), or that could not "reasonably be expected to grow out of the charge of discrimination." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006)). In her EEOC complaint, Plaintiff alleges that she was discriminated and retaliated against because of Defendant's failure to 1) allow her to work as Charge Nurse on a shift and care for "immediate post-op patients," 2) provide her opportunities to train and learn new procedures, 3) provide her with a "sit-down evaluation review" before it was turned over to Human Resources, 4) allow her to work as many hours as other employees, and 5) award her an appropriate pay increase in the most recent evaluation.[2] (Doc. 1-1 at 1). Nowhere in the EEOC complaint does Plaintiff make allegations regarding her working conditions or anything relating to a hostile work environment. Accordingly, Plaintiff's hostile work environment claim fails. *See Jones v. GeoEngineers, Inc.*, 2011 WL 1347989, at *7 (M.D. La. Apr. 8, 2011); *Washington v. Wackenhut Corp.*, 2009 WL 1098918, at *4 (E.D. La. Apr. 22, 2009); *Otokunrin v. MBNA Tech., Inc.*, 2004 WL 833599, at *4-5 (N.D. Tex. Apr. 16, 2004); *Hills v. LaShip, L.L.C.*, 2019 WL 498950, at *6 (E.D. La. Feb. 8, 2019).

---

[2] Defendant also argues that Plaintiff did not plead her hostile work environment claim with factual content that allows the Court to reasonably infer that Defendant is liable. The Court need not address this argument, as the claim is dismissed on other grounds.

Third, Defendant argues that several acts on which Plaintiff bases her Title VII claims are time-barred. In Louisiana, a Title VII plaintiff must file an EEOC charge within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e); *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 n.7 (5th Cir. 2006). Plaintiff filed her EEOC charge on December 15, 2017. Plaintiff cannot sue for any discrete acts of discrimination that occurred more than 300 days prior, that is, before February 18, 2017. *See* 42 U.S.C. § 2000e-5(e).

In her Complaint, Plaintiff describes several discrete acts of discrimination that occurred before February 18, 2017, specifically 1) the decision not to assign Plaintiff to be a Charge Nurse in May 2015 (Doc. 1 at 4) and 2) the decision not to assign Plaintiff to be a Resource Nurse on September 1, 2016 (*id.* at 5). The Court therefore dismisses Plaintiff's Title VII claims to the extent that they are based on such conduct.

Fourth, Defendant argues that Plaintiff did not plead her IIED claim with factual content that allows the Court to reasonably infer that Defendant is liable. In Louisiana, the basis for the tort of IIED is found at La. Civ. Code art. 2315. Though Louisiana recognizes a cause of action for IIED in a workplace setting, the jurisprudence has limited the cause of action to

> cases which involve a pattern of deliberate, repeated harassment over a period of time. The distress suffered by the employee must be more than a reasonable person could be expected to endure. Moreover, the employer's conduct must be intended or calculated to cause severe emotional distress, not just some lesser degree of fright, humiliation, embarrassment or worry.

4

*Nicholas v. Allstate Ins. Co.*, 765 So.2d 1017, 1026-27 (La. 2000); *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). For example, Louisiana courts have found that acts taken together, such as an employer's daily improper sexual comments and advances, threatened physical violence, verbal abuse, continued abuse of an employee who suffered from depression, attempt to run over an employee with a forklift, and five years of profanity-filled tirades, rose to the level of extreme and outrageous conduct. *Nicholas*, 765 So.2d at 1027-28. "The distress suffered must be such that no reasonable person could be expected to endure it." *White*, 585 So.2d at 1210.

For a plaintiff to recover for IIED, she must establish three elements: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." (*Id.* at 1209). To satisfy the first element, Defendant's conduct must be "truly outrageous." *Nicholas*, 765 So.2d at 1024. The Louisiana Supreme Court has observed that "conduct which is merely tortuous [sic] or illegal does not rise to the level of being extreme and outrageous." (*Id.* at 1025). Moreover, a claim for IIED can only be sustained where the actor "desires to inflict severe emotional distress or where he knows that such distress is certain or substantially certain to result from his conduct." *White*, 585 So.2d at 1210.

The Court finds that Plaintiff has not identified specific conduct sufficient to support a claim for intentional infliction of emotional distress. *See Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1144 (5th Cir. 1991) (instructing that work place discrimination and harassment rises to the level of intentional infliction of emotional distress only in the "most unusual cases" and is not often the "sort of conduct, as deplorable as it may sometimes be, that constitutes extreme and outrageous conduct") (internal quotations omitted). Furthermore, Plaintiff has not identified facts which would permit the Court to find that her coworkers intended to inflict severe emotion distress upon her or were substantially certain that severe emotional distress would flow from their conduct.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Partial Dismissal (Doc. 5)** is **GRANTED**.

Baton Rouge, Louisiana, this 28th day of February, 2020.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA